IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ERIC RUSSELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 16-1281 (MN) |
| | ) | |
| DANA METZGER, Warden, and | ) | |
| ATTORNEY GENERAL OF THE STATE | ) | |
| OF DELAWARE, | ) | |
| | ) | |
| Respondents.[1] | ) | |

## MEMORANDUM OPINION[2]

Eric Russell. *Pro se* Petitioner.

Kathryn J. Harrison, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

February 20, 2020
Wilmington, Delaware

---

[1] Warden Dana Metzger has replaced former Warden David Pierce, and original party to this case. *See* Fed. R. Civ. P. 25(d).

[2] This case was re-assigned from the Honorable Gregory M. Sleet's docket to the undersigned's docket on September 20, 2018.

**NOREIKA, U.S. DISTRICT JUDGE**

Pending before the Court is a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Eric Russell ("Petitioner"). (D.I. 3). The State filed an Answer in opposition. (D.I. 10). For the reasons discussed, the Court will deny the Petition.

## I. BACKGROUND

The facts leading to Petitioner's arrest and conviction are set forth below, as summarized by the Delaware Supreme Court in Petitioner's direct appeal:

> In January 2008, [Petitioner] lived in a house with his girlfriend [], her four-year-old daughter [], their infant daughter [], another mother and her two sons, and the owner of the home, []. Petitioner shared a bedroom with [his girlfriend] and her daughters. According to [Petitioner's girlfriend], on January 15, 2008 [her four-year old daughter] told [her mother] that the night before, while [she] was at work, [Petitioner] had put a "nasty movie" on television, played with his privates in front of her, and asked her to put her mouth on his penis and "suck it."
>
> Upon hearing this, [the girlfriend] confronted [Petitioner]. [Petitioner] fled the house and [his girlfriend] called the police. One week later, Ralph Richardson of the Child Advocacy Center (CAC) videotaped his interview with [the] four-year-old [girl], during which [the four-year old] discussed [Petitioner's] conduct. During this interview, [the four-year old girl] said that [Petitioner] had put on a "nasty movie," exposed himself to her, touched her cheek with his penis, put his penis in her mouth, and pulled down her pants and touched her butt.
>
> The police finally found and arrested [Petitioner] on January 17, 2009. They charged him with First Degree Rape, Endangering the Welfare of a Child, Offensive Touching, First Degree Indecent Exposure, and two counts of First Degree Unlawful Sexual Contact.

*Russell v. State*, 5 A.3d 622, 624 (Del. 2010), as corrected (Sept. 29, 2010).

In September 2009, a Delaware Superior Court jury found Petitioner guilty of one count each of first degree rape, indecent exposure, offensive touching and endangering the welfare of a child, and two counts of first degree unlawful sexual contact. *See Russell*, 5 A.3d at 625. The

1

Superior Court sentenced Petitioner to life imprisonment plus thirty-two years and sixty days in prison. *Id.* Petitioner appealed, and the Delaware Supreme Court affirmed Petitioner's convictions and sentences on September 27, 2010. *Id.* at 628.

Thereafter, Petitioner filed four motions for post-conviction relief under Delaware Superior Court Criminal Rule 61 ("Rule 61 motions"). The first Rule 61 motion was filed on February 23, 2011, which the Superior Court denied on December 20, 2011. *See State v. Russell*, 2011 WL 7404276 (Del. Super. Ct. Dec. 20, 2011). The Delaware Supreme affirmed that decision on November 5, 2012. *See Russell v. State*, 55 A.3d 839 (Table), 2012 WL 5417068 (Del. Nov. 2, 2015). Petitioner filed his second Rule 61 motion on December 17, 2012. *See State v. Russell*, 2013 WL 1090931 (Del. Super. Ct. Jan. 10, 2013). The Superior Court denied the second Rule 61 motion as time-barred on January 10, 2013, and the Delaware Supreme Court affirmed that decision on July 30, 2013. *See State v. Russell*, Letter Order, Graves, J. (Del. Super. Ct. Jan. 10, 2013); *Russell v. State*, 72 A.3d 502 (Table), 2013 WL 3961195 (Del. July 30, 3013). Petitioner filed his third Rule 61 motion on April 28, 2014. (D.I. 10 at 1). The Superior Court denied the third Rule 61 motion on May 8, 2014, and the Delaware Supreme Court affirmed that decision on October 28, 2014. *See Russell v. State*, 103 A.3d 515 (Table), 2014 WL 5479314 (Del. Oct. 28, 2014). Petitioner filed his fourth Rule 61 motion on October 20, 2015, which the Superior Court denied November 2, 2015. (D.I. 10 at 2 n.5). The Delaware Supreme Court affirmed the Superior Court's denial of Petitioner's fourth Rule 61 motion on March 4, 2016. (D.I. 10 at 1-2); *see Russell v. State*, 134 A.3d 759 (Table), 2016 WL 858948 (Del. Mar. 4, 2016).

## II. ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Petitioner does not assert, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the Court concludes that the one-year period of limitations began to run when Petitioner's convictions became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Delaware Supreme Court affirmed Petitioner's convictions and sentences on September 27, 2010, and he did not file a petition for a writ of certiorari in the United States Supreme Court. As a result, Petitioner's convictions became final on December 27, 2010. Applying the one-year limitations period to that date, Petitioner had until December 27, 2011 to timely file a habeas petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64

(3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to the AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n.3 (D. Del. Apr. 27, 2015) (the AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner, however, did not file the instant Petition until December 16, 2016,[3] five years after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls the AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of the AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). An untimely post-conviction motion is not considered to be properly filed for § 2244(d)(2) purposes. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005) (explaining that a state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *Id*. at 424. The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

---

[3] The Court adopts December 16, 2016 as the filing date, because that is the date on the title page of the Petition. (D.I. 3 at 1). S*ee also Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

4

When Petitioner filed his first *pro se* Rule 61 motion on February 23, 2011, fifty-seven days of the AEDPA's limitations period had already expired. The first Rule 61 motion tolled the limitations period until November 5, 2012, the date on which the Delaware Supreme Court affirmed the Superior Court's denial of that motion. The limitations clock started to run again November 6, 2012, and ran the remaining 308 days without interruption until the limitations period expired on September 10, 2013.[4] Consequently, even with the appropriate statutory tolling, the Petition is time-barred, unless equitable tolling applies.

B.  **Equitable Tolling**

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting the AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). Specifically, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after

---

[4] Although Petitioner filed three Rule 61 motions after the denial of his first Rule 61 motion, none of those motions had any statutory tolling effect. Petitioner's second Rule 61 motion, filed on December 17, 2012, was denied as untimely, which means that it was not properly filed for § 2244(d)(2)'s purposes. In turn, Petitioner's third and fourth Rule 61 motions have no tolling effect because they were filed after the AEDPA's limitations period had already expired.

5

the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon,* 322 F.3d 768, 773 (3d Cir.2003). The burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights. *See Urcinoli v. Cathel,* 546 F.3d 269, 277 (3d Cir.2008).

Petitioner asserts that equitable tolling applies because his appellate and post-conviction counsel erred in failing to raise one of his primary claims on direct and post-conviction appeal. More specifically, Petitioner contends that the trial court violated his constitutional rights when applying Delaware Rule of Evidence 608(b) to prevent Petitioner from questioning the victim's godmother about any prior allegations against others made by the victim (hereinafter referred to "DRE 608(b)/constitutional argument"). Petitioner contends that the limitations period should be equitably tolled because appellate counsel and post-conviction counsel failed to raise the DRE 608(b)/constitutional argument on direct and post-conviction appeal, and also because both counsel failed to argue that trial counsel provided ineffective assistance by not challenging the trial court's DRE 608(b) ruling on constitutional grounds ("DRE 608(b)/constitutional argument/ineffective assistance of trial counsel argument").

This contention is unavailing. Although the Supreme Court has recognized that an attorney's egregious error or neglect may constitute an extraordinary circumstance for equitable tolling purposes,[5] an "egregious error" generally includes instances where an attorney fails to file an appeal after an explicit request from the petitioner,[6] "affirmatively deceives the petitioner about filing a direct appeal," or "persistently neglects the petitioner's case." *Schlueter v. Varner*,

---

5   *See Holland*, 560 U.S. at 635-54.

6   *See Velazquez v. Grace*, 277 F. App'x 258 (3d Cir. 2008).

384 F.3d 69, 76-77 (3d Cir. 2004). An appellate counsel's decision regarding which issues to raise on appeal is strategic,[7] and appellate counsel is not required to raise every possible non-frivolous issue. *See Smith v. Robbins*, 528 U.S. 259, 288 (2000)("appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal"). Since it is not clear that appellate counsel's decision to argue the DRE 608(b) evidentiary issue only in terms of state law constituted misconduct, or even that the decision was negligent, the Court cannot conclude that the "failure" amounted to an egregious error.

The Court also rejects Petitioner's attempt to characterize as an egregious error post-conviction counsel's failure to include in his first Rule 61 motion the DRE 608(b)/constitutional argument and the related ineffective assistance of trial counsel claim. To begin, because there is no federal constitutional right to counsel in a collateral proceeding, the Court is not entirely persuaded that the "egregious error" doctrine is even applicable when the relevant error at issue was performed by the attorney representing the petitioner in a Rule 61 proceeding.[8] Nevertheless, even if the "egregious error"/equitable tolling doctrine is available for claims based on post-conviction counsel's performance, Petitioner has failed to demonstrate that post-conviction counsel's failure to include the DRE 608(b)/constitutional argument/ineffective assistance of trial

---

[7] *See Buehl v. Vaughn*, 166 F.3d 163, 174 (3d Cir. 1999) ("One element of effective appellate strategy is the exercise of reasonable selectivity in deciding which arguments to raise.").

[8] In *Martinez v. Ryan*, 566 U.S. 1, 8-9 (2012), the Supreme Court held for the first time that inadequate assistance or the absence of counsel during an initial-review state collateral proceeding may establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel. *Id*. at 12, 16-17. By its own terms, however, *Martinez* does not impact a petitioner's obligation to comply with the AEDPA's limitations period. As a result, even though the relevant underlying argument that post-conviction counsel failed to raise in Petitioner's initial state collateral proceeding alleges inadequate assistance of trial counsel, *Martinez* does not provide Petitioner with a method for avoiding a statute of limitations issue.

counsel argument amounted to an egregious error. The state court record in this case indicates that post-conviction counsel did not include the DRE 608(b)/constitutional argument/ineffective assistance of trial counsel argument in the Rule 61 proceeding or on post-conviction appeal because counsel viewed the argument as non-meritorious. (D.I. 13-9 at 4-5). The Delaware Supreme Court's Order appointing post-conviction counsel to represent Petitioner in his first Rule 61 appeal supported post-conviction counsel's discretion in choosing which arguments to pursue, explicitly stating that "[c]ounsel is only obligated to argue any non-frivolous issue, which counsel identifies in his professional discretion, and need not argue every issue [Petitioner] wishes to present." (D.I. 13-11 at 2-3). These circumstances do not support finding that post-conviction counsel's choice of issues to pursue on collateral review amounted to an egregious error for equitable tolling purposes.

Nevertheless, even if appellate and post-conviction counsels' respective failures to present the DRE 608(b)/constitutional argument/ineffective assistance of trial counsel argument on direct appeal and in Petitioner's Rule 61 proceeding were so egregious that they rose to the level of an extraordinary circumstance, Petitioner has failed to demonstrate that he exercised the reasonable diligence to support finding a causal relationship between counsels' actions and the lateness of the instant Petition. Petitioner attempted to raise the DRE 608(b)/constitutional argument/ineffective assistance of trial counsel argument in his first Rule 61 motion as early as April 2011, and the Delaware Supreme Court issued its decision affirming the denial of his first Rule 61 motion on November 5, 2012. Yet, Petitioner waited more than four years after these two dates to file the instant Petition in January 2016. In short, Petitioner's extensive delay broke any alleged link between appellate and post-conviction counsels' actions and Petitioner's late filing.

Finally, to the extent Petitioner's late filing was due to a lack of legal knowledge or miscalculation of the one-year filing period, such circumstances do not warrant equitably tolling

8

the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). For all these reasons, the Court concludes that equitable tolling is not available on the facts presented by Petitioner. Accordingly, the Court will dismiss the instant Petition as time-barred.[9]

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The Court has concluded that the instant Petition fails to warrant federal habeas relief, and is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the Court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons stated, the instant Petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied without an evidentiary hearing or the issuance of a certificate of appealability. An appropriate Order shall issue.

---

[9] Having determined that the Petition is time-barred, the Court will not address the State's alternative reasons for dismissing the Petition.

9